THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 23-68-GF-BMM-JTJ |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| HENRY GABRYL YOUPEE, JR., | |
| Defendant. | |

## I. Synopsis

Defendant Henry Gabryl Youpee Jr. (Youpee) has been accused of violating conditions of his supervised release. (Docs. 38 and 41). Youpee admitted the alleged violations set forth as violations (5) through (8) of the Amended Petition. Youpee's supervised release should be revoked. Youpee should be placed in custody until July 22, 2024, at 4:30 p.m., with 21 months of supervised release to follow. During the first 60 days of Youpee's supervised release, he shall be placed in an in-patient treatment facility such as Connections Corrections.

## II. Status

Youpee plead guilty on September 19, 2023, to the offense of Burglary, in violation of 18 U.S.C. § 1153(b), Mont. Code Ann § 45-6-204(1)(a) as charged in

Count 1 of the Indictment. (Doc. 25). Youpee was sentenced to 211 days of custody followed by 2 years of supervised release. (Doc. 35). Youpee's current term of supervised release began on February 27, 2024.

**Petition and Amended Petition**

On June 25, 2024, the United States Probation Office filed a Petition requesting that the Court revoke Youpee's supervised release. (Doc. 38). The Petition alleged Youpee violated conditions of his supervised release by: (1) on June 7, 2024, being charged with the offense of Simple Assault, a misdemeanor, in violation of Fort Peck Tribal Code, Title VII, § 231; (2) on June 7, 2024, being charged with the offense of Protection of Government Officials, Employees, and Law Enforcement Officer, a felony, in violation of Fork Peck Tribal Code, Title VII § 422-A; (3) on June 7, 2024, being charged with Disorderly Conduct, a misdemeanor, in violation of Fort Peck Tribal Code, Title VII, § 440(a); (4) consuming alcohol on June 7, 2024; (5) failing to report to the probation office as instructed by missing his weekly check-in on April 23, 2024, April 30, 2024, May 21, 2024 and June 18, 2024; and (6) failing to notify his probation officer within 72 hours of his arrest on June 7, 2024.

On June 28, 2024, the United States Probation Office filed an Amended Petition for Warrant for Offender Under Supervision, requesting that the Court revoke Youpee's supervised release. (Doc. 41). This Amended Petition alleged

Youpee violated the conditions of his supervised release by the added violations of: (7) using methamphetamine on June 26, 2024; and (8) consuming alcohol on June 26, 2024.

### Initial Appearance

Youpee appeared before the Court on July 11, 2024.  Youpee was represented by counsel.  Youpee stated that he had read the Amended Petition and that he understood the allegations against him.  Youpee waived his right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation hearing

The Court conducted a revocation hearing on July 11, 2024.  Youpee admitted that he had violated the conditions of supervised release as set forth in the Amended Petition by: (5) failing to report to the probation office as instructed by missing his weekly check-in on April 23, 2024, April 30, 2024, May 21, 2024 and June 18, 2024; (6) failing to notify his probation officer within 72 hours of his arrest on June 7, 2024; (7) using methamphetamine on June 26, 2024 and (8) consuming alcohol on June 26, 2024.  The Government then moved to dismiss allegations (1) through (4) as set forth above without prejudice, which the Court granted. Youpee's violations of allegations 5-8 are serious and warrant revocation of his supervised release.

### Sentencing hearing

Youpee appeared before the Court on July 11, 2024. Youpee's violation is a Grade C violation. His criminal history category is I. Youpee's underlying offense is a Class C felony. Youpee could be incarcerated for up to 24 months. Youpee could be ordered to remain on supervised release for 24 months less any custody time. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### Analysis

Youpee's supervised release should be revoked. Youpee should be placed in custody until July 22, 2024, at 4:30 p.m. followed by 21 months of supervised release. During the first 60 days of Youpee's supervised release, he shall be placed in an in-patient substance abuse treatment facility such as Connections Corrections. This sentence is sufficient but not greater than necessary.

## III.   Conclusion

The Court informed Youpee that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Youpee of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Youpee that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Youpee stated

that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS**:

> That HENRY GABRYL YOUPEE JR. has violated the conditions of his supervised release by: (5) failing to report to the probation office as instructed by missing his weekly check-in on April 23, 2024, April 30, 2024, May 21, 2024 and June 18, 2024; (6) failing to notify his probation officer within 72 hours of his arrest on June 7, 2024; (7) using methamphetamine on June 26, 2024 and (8) consuming alcohol on June 26, 2024.

The Court **RECOMMENDS:**

> That the District Court revoke Youpee's supervised release and place Youpee in custody until July 22, 2024, at 4:30 p.m., with 21 months of supervised release to follow. During the first 60 days of Youpee's supervised release, he shall be placed in an in-patient substance abuse treatment facility such as Connections Corrections.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. Section 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.

Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocate before a district court judge.

DATED this 12th day of July 2024.

John Johnston
United States Magistrate Judge